

# NUMBER 13-14-00686-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF J.L.T. III, A CHILD

### On appeal from the County Court at Law No. 5
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant J.T. appeals the trial court's order terminating his parental rights with respect to his child, J.L.T. III.[1]   We affirm.

---

[1] We will refer to the father as J.T. and the child as J.L.T. III, in accordance with rule of appellate procedure 9.8.   *See* TEX. R. APP. P. 9.8(b) (providing that in a parental-rights termination case, "the court must, in its opinion, use an alias to refer to a minor, and if necessary to protect the minor's identity, to the minor's parent or other family member"); *see also* TEX. FAM. CODE ANN. § 109.002(d) (West, Westlaw through 2013 3d C.S.) ("On the motion of the parties or on the court's own motion, the appellate court in its opinion may identify the parties by fictitious names or by their initials only.").   J.L.T. III's mother, whose parental rights were also terminated, is not a party to this appeal.

## I. COMPLIANCE WITH *ANDERS*

J.T.'s court-appointed appellate counsel has filed a brief in which she states that "[a]fter diligent search, counsel has determined that the appeal in this cause is [sic] has no basis reflected in the record and thus is without merit." *See Anders v. California*, 386 U.S. 738, 774–45 (1967); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an Anders-type brief."). Having so concluded, counsel has requested that this Court permit her to withdraw as counsel. *See Anders*, 386 U.S. at 774–75.

In her brief, counsel identifies the following issues: (1) whether the evidence presented at trial supported the termination of the parent-child relationship between J.T. and J.L.T. III because of J.T.'s conviction for the aggravated sexual assault of a child, *see* TEX. FAM. CODE ANN. § 161.001(1)(L) (West, Westlaw through 2013 3d C.S.); (2) whether the evidence was sufficient to support the finding that termination is in J.L.T. III's best interest, *see id.* § 161.001(2); and (3) whether there were any other meritorious grounds for appeal. After reviewing the record and the applicable law, counsel concludes that, in her opinion, "there are no grounds of error upon which an appeal can be predicated." More specifically, counsel sets out that there is no jurisdictional error, no harmful evidentiary or procedural error, and no abuse of discretion by the trial court. Counsel also concluded that the evidence was legally and factually sufficient to support the termination of J.T.'s parental rights to J.L.T. III.

Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), J.T.'s counsel has discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has demonstrated that she has complied with the requirements of *Anders* by examining the record and finding no arguable grounds to advance on appeal. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d 503, 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. In further compliance with the requirements of *Anders*, counsel has (1) served a copy of the brief, the appellate record, and her request to withdraw on J.T.; and (2) informed J.T. of his right to file a pro se response, review the record preparatory to filing that response, and seek review if the court of appeals concludes that the appeal is frivolous.[2] *See Anders*, 386 U.S. at 774;

---

[2] In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response [to a 'frivolous appeal' brief] need not comply with the rules of appellate procedure in order to be considered. Rather, any response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

*Kelly*, 436 S.W.3d at 318–19; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. An adequate time has passed, and J.T. has not filed a pro se response.[3]

### III. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re G.M.*, No. 13-08-00569-CV, 2009 WL 2547493, *1 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.). We have reviewed the entire record, the appellant's brief filed in this case, and the response filed by appellee, the Texas Department of Family and Protective Services, and we have found nothing that would arguably support an appeal for J.T. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the trial court's order terminating the parental rights of J.T. to J.L.T. III.

### IV. MOTION TO WITHDRAW

In accordance with *Anders*, counsel for J.T. asks this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing

---

[3] Counsel requested an extension of time for J.T. to file his pro se brief in this parental-termination case. We denied the request and ordered any pro se brief filed by April 13, 2015.

the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, we order counsel to send a copy of the opinion and judgment to her client and to advise him of his right to pursue a petition for review in the Texas Supreme Court.[4] *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
23rd day of April, 2015.

---

[4] No substitute counsel will be appointed. Should J.T. wish to seek further review of this case by the Texas Supreme Court, he must either retain an attorney to file a petition for review or file a pro se petition for review. Any petition for review must be filed with the Texas Supreme Court clerk within forty-five days after the date of either this opinion or the last ruling by this Court on all timely filed motions for rehearing or en banc reconsideration. *See* TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of rule 53.2 of the Texas Rules of Appellate Procedure. *See id.* at R. 53.2.